# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40973
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2014

Lyle W. Cayce
Clerk

RAYFORD ALEXANDER CALLOWAY,

Plaintiff - Appellant

v.

HEALTH & HUMAN SERVICE COMMISSION 1-1000, State of Texas;
DONALD CLARK; MARY MCCLAIN; HOPE MORGAN,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
No. 6:11-CV-00502

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Plaintiff Rayford Alexander Calloway, proceeding *pro se*, timely appeals the dismissal of his lawsuit alleging claims for race and age discrimination. In his lawsuit, Calloway alleges that he was subject to unlawful discrimination based on his race and age, leading to his eventual termination.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40973

On a Rule 12(b)(6) motion, the district court dismissed Calloway's claims for age discrimination and hostile work environment, as well as his claims against the individual defendants. The district court held that Calloway's complaint failed to allege that his age motivated an adverse employment decision, and failed to allege that he was treated less favorably than a similarly situated younger employee. It also held that Calloway failed to allege a hostile work environment claim separate and apart from his retaliation claim. Finally, the district court held that the suit could not be maintained against the individual employees of the Texas Health & Human Services Commission ("HHSC").

On HHSC's motion for summary judgment, the district court dismissed Calloway's remaining claims. As to the remaining race discrimination claim, the district court concluded that because Calloway presented no direct evidence of discrimination, he had to proceed through the circumstantial evidence *McDonnell-Douglas*[1] framework.[2] It held that Calloway failed to establish all four elements of the *prima facie* case; specifically, the district court concluded that Calloway failed to show that he was treated differently than similarly situated employees outside of his protected class. Moreover, the district court held that even if Calloway established the *prima facie* case, he failed to demonstrate that HHSC's non-discriminatory reason for terminating him was pretextual. [3] Likewise, as to Calloway's retaliation claim, the district

---

[1] *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973);

[2] "Under that framework, the plaintiff must first establish a prima facie case of discrimination, which requires a showing that the plaintiff (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citing *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005)).

[3] Once "the plaintiff makes a prima facie showing, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory or nonretaliatory reason for its

2

## No. 13-40973

court held that he failed to establish any causal connection between his protected activity, here an internal EEOC complaint, and the adverse employment action.[4]  Accordingly, the district court dismissed these claims.

On appeal, Calloway argues that the district court erred in dismissing his claims.  On *de novo* review of the district court's Rule 12(b)(6) dismissal and grant of summary judgment to defendants, we AFFIRM for essentially the same reasons given by the district court.

---

employment action.  The employer's burden is only one of production . . . . If the employer meets its burden of production, the plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real discriminatory or retaliatory purpose." *Id.* at 557.

[4] "To establish a prima facie case of retaliation, the plaintiff must establish that: (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action." *Id.* at 556–57 (citing *Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003)).